IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ROJAS-VELASQUEZ,<br><br>          Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | No. CV-F-06-CV-1063 AWI/DLB HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. 2254 AND MOTION FOR STOLIKER TO BE TRANSFERRED TO FEDERAL CUSTODY |

On July 26, 2006, petitioner Jorge Rojas-Velasquez filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody" coupled with a "Motion for Stoliker To Be Transferred to Federal Custody." By these pleadings, petitioner seeks an order transferring him from state custody to the custody of the Bureau of Prisons. Petitioner, who is presently incarcerated in the Sierra Conservation Center, names the United States of America as respondent in both pleadings.

Petitioner was convicted in state court of assault with great bodily harm and sentenced to a term in state prison of 9

1

1 years. Thereafter, petitioner was indicted in the Eastern
2 District for violation of 8 U.S.C. §§ 1325(a)(1) and 1326. See
3 United States v. Jorge Rojas-Velasquez, No. CR-F-00-5426 REC.
4 Petitioner was brought to the Eastern District of California from
5 state prison pursuant to a Writ of Habeas Corpus Ad Prosequendum,
6 which writ states that petitioner will "return to the custody of
7 the detaining facility upon termination of proceedings."
8 Petitioner pleaded guilty to the federal charges and was
9 sentenced on May 13, 2002 to "the custody of the United States
10 Bureau of Prisons to be imprisoned for a total term of 77
11 MONTHS[,] 29 months to be served concurrent with state sentence
12 and 48 months to be served consecutive to his current state
13 sentence." Petitioner was returned to state custody pursuant to
14 the Writ of Habeas Corpus Ad Prosequendum.

15 Because of the Writ of Habeas Corpus Ad Prosequendum, the
16 state has retained primary jurisdiction of petitioner
17 notwithstanding his subsequent federal conviction and sentence.
18 See Taylor v. Reno, 164 F.3d 440 (9th Cir.1998), cert. denied,
19 527 U.S. 1027 (1999). Therefore, because the United States does
20 not have custody of petitioner, the United States is not the
21 proper respondent to petitioner's petition for writ of habeas
22 corpus pursuant to Section 2254.

23 Furthermore, petitioner's allegations do not demonstrate
24 that petitioner is entitled to the requested relief at this
25 juncture. California prisoners who have a state sentence
26 designated to run concurrently with a federal sentence have a

2

right to be tendered by the state authorities to the federal authorities.  See <u>In re Stoliker</u>, 49 Cal.2d 75(1957); DOM § 72040.6.5 (A request can be made whenever there are concurrent sentences, regardless of whether the other sentence is federal or out-of-state, and regardless of which term comes first).  As explained in <u>The California State Prisoners Handbook</u>, (3rd Ed. 2001), § 8.27(B):

> A prisoner who has concurrent sentences and wants to transfer to another jurisdiction should submit a request in writing to the case record office at the prison.  The prison should then send a letter to the other jurisdiction informing authorities there that the prisoner is available for transfer.  The law requires the CDC to send such a letter whenever a prisoner with concurrent sentences requests it to do so.  If prison officials refuse to follow this law, the prisoner can file a petition for writ of habeas corpus to force them to act.

Petitioner does not allege that he complied with these procedures and that the CDC refused to send the requested letter.  In addition, the state right creates no obligation for the federal authorities to accept the prisoner so tendered by the state prison authority.  see <u>Jake v. Herschberger</u>, 173 F.3d 1059, 1066 (7th Cir.1999).  Here, because petitioner remains in state custody pursuant to his state sentence, petitioner cannot obtain the relief requested by his motions.

ACCORDINGLY:

1.  Petitioner Jorge Rojas-Velasquez's Petition for "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody" and "Motion for Stoliker To Be

3

Transferred to Federal Custody" are denied.

IT IS SO ORDERED.

**Dated:   August 29, 2006**              /s/ Anthony W. Ishii
0m8i78                                     UNITED STATES DISTRICT JUDGE